**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| ELHADJI NDIAYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. PWG-13-1701 |
| | ) | |
| RUSHERN L. BAKER, III, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**REPLY BRIEF IN SUPPORT OF THE
FEDERAL DEFENDANTS' MOTION TO DISMISS**

Plaintiff's opposition to the Federal Defendants' motion to dismiss (Docket Entry No. 31) fails to raise any legal arguments or factual allegations that could save his complaint from dismissal.  In his opposition, Plaintiff inappropriately attempts to avoid dismissal by making new factual allegations in his response brief, none of which is sufficient under the governing pleading standard.  His opposition also appears to be an attempt to reorient his complaint to allege a cause of action  under 28 U.S.C. § 1983, which, by its own terms, does not apply to the Federal Defendants.  For these reasons, and for the reasons set forth in the Federal Defendants' motion to dismiss, the Court should dismiss Plaintiff's complaint.

First, Plaintiff's attempt to avoid dismissal by making new allegations in his response brief must fail.  This is so because a litigant may not supplement the allegations of a complaint by raising new allegations of fact in a response brief.  See Barclay White Skanska, Inc. v. Battelle Mem'l Inst., 262 Fed. Appx. 556, 563 (4th Cir. 2008) ("'A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.'") (citation omitted); accord Smith v. Vilsack, 832 F. Supp. 2d 573, 581 (D. Md. 2011) (holding that the rule applies even to pro se complainants).  Accordingly, for purposes of evaluating whether the complaint has stated

a plausible claim for relief, the new allegations in the response brief should be disregarded. And, because the allegations in the complaint do not state a plausible claim, the complaint must be dismissed for the reasons set forth in the Federal Defendants' motion.

Alternatively, even if the Court were to consider the new allegations made in the opposition brief, Plaintiff's allegations are still insufficient to prevent dismissal under the governing standard for pleading set forth in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).[1] This is because Plaintiff's new allegations suffer from the same problems as those in the complaint: they are precisely the kind of vague and conclusory claims of conspiracy and wrongdoing against high-ranking government officials that the Supreme Court held to be inadequate in <u>Iqbal</u>. Indeed, many of the new allegations involve actions of *private actors* that Plaintiff claims were improper. For example, he claims that nurses and doctors followed him and looked under his chair at his doctor's office, that he was treated like a "zoo animal" at his dermatologist's office, and that Verizon had been routing his international calls through a 301 area code. Response Brief at 3. These allegations about the conduct of private actors cannot support a claim against the Federal Defendants.

Where Plaintiff does make a specific allegation against the United States Government, he fails to make it against the Federal Defendants. In his opposition brief, he alleged that he had contact with a government official about a complaint he allegedly made on March 13, 2013 to the U.S. Post Office about his mail being opened. <u>See</u> Response Brief at 3. This averment is of

---

[1] Plaintiff's citation to the motion to dismiss standard set forth in <u>Conley v. Gibson</u>, 355 U.S. 41 (1957) is inapposite. <u>See</u> Response Brief at 2. The Supreme Court has expressly overruled this standard, <u>see</u> <u>Ferdinand-Davenport v. Children's Guild</u>, 742 F. Supp. 2d 772, 779 n.4 (D. Md. 2010) (noting that the <u>Conley</u> standard "was abrogated by [the Supreme Court] in <u>Twombly</u>"), and, as such, Plaintiff's complaint must meet the plausibility standard set forth in <u>Iqbal</u> and <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007).

no help to him here because the U.S. Postal Service is not a party to this action, and, in any event, he fails to even aver who was opening his mail.  Moreover, federal law bars any claims against the Government arising from the alleged mishandling of the mails.  See 28 U.S.C. § 2680(b).

Second, Plaintiff's other argument, that he may state a claim against the Federal Defendants under 28 U.S.C. § 1983, is also without merit.  See Response Brief at 5.  Section 1983, by its own terms, does not apply to the Federal Defendants.  See Dowe v. Total Action Against Poverty, 145 F.3d 653, 658 (4th Cir. 1998) (holding that "§ 1983 does not apply to federal actors") (citing Wheeldin v. Wheeler, 373 U.S. 647, 650 n.2 (1963)); accord Cash v. United States, 2012 WL 6201123, at *9 (D. Md. Dec. 11, 2012) ("Section 1983 is inapplicable to actions against a federal officer.").  Accordingly, because he may not rely on Section 1983, Plaintiff's reference to this statute likewise does not prevent dismissal of his complaint.[2]

Based on the arguments, authorities, and evidence in the initial moving brief, and the lack of any sufficient rebuttal in Plaintiff's response brief, the Federal Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's Complaint.

Respectfully submitted,

Rod J. Rosenstein
United States Attorney

By:___/s/_____

---

[2]  Even if Plaintiff were attempting to state claims under Bivens, the claims would still fail because Bivens claims require that there be factual allegations of personal involvement by the federal officers in wrongdoing against the plaintiff.  Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001).  "A bare allegation that someone in a supervisory authority has violated a plaintiff's constitutional rights without any personal contact with the plaintiff, is not sufficient to state a Bivens claim."  Chiang v. Lappin, 2008 WL 2945434, at *6 (D. Md. 2008) (dismissing claims against higher-ranking Bureau of Prisons officials because of lack of any allegation of personal involvement in the alleged unconstitutional conduct).  And here, Plaintiff has failed to make any allegation that any of the Federal Defendants took any personal action to violate his rights.

Jason D. Medinger (Bar No. 28470)
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that I caused to be mailed, with postage prepaid, a copy of the

foregoing reply brief to Plaintiff as follows:

Elhadji Ndiaye
16400 Eves Court
Bowie, MD 20716

___/s/_____
Jason D. Medinger
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800