IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

<table>
<tr><td>Elhadji Ndiaye,</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Plaintiff,</td><td>*</td><td></td></tr>
<tr><td>v.</td><td>*</td><td>Case No.: PWG-13-1701</td></tr>
<tr><td></td><td>*</td><td></td></tr>
<tr><td>Rushern L. Baker, III, <em>et al.</em>,</td><td>*</td><td></td></tr>
<tr><td>Defendants.</td><td>*</td><td></td></tr>
<tr><td></td><td>*</td><td></td></tr>
</table>

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OPINION AND ORDER

Elhadji Ndiaye felt that he was the target of government surveillance because of his religion and national origin. Proceeding *pro se*, he filed a complaint against James R. Clapper, Director of National Intelligence; Lieutenant General Keith B. Alexander, Director of the National Security Agency and Chief of the Central Security Service; United States Attorney General Eric Holder; and Robert S. Muller, III, former director of the Federal Bureau of Investigation (collectively, the "Federal Defendants"); as well as Rushern L. Baker, III, County Executive for Prince George's County; and Bowie Mayor G. Frederick Robinson. Compl., ECF No. 1. Defendants moved to dismiss for failure to state a claim, ECF Nos. 7, 12, 31, and Ndiaye filed an Amended Complaint, ECF No. 41. I now must determine whether he has stated a claim in his Amended Complaint or if I should dismiss it, as Defendants all urge.[1]  Because the

---

[1] Baker and Robinson moved to dismiss, ECF Nos. 44, 46, 46-1, incorporating by reference the arguments they made in their earlier motions to dismiss Plaintiff's original complaint ("Baker's 1st Mot." & "Robinson's 1st Mot."). Defendant Robinson also incorporates by reference Baker's arguments for dismissal, as well as the Federal Defendants' arguments in favor of striking the Amended Complaint, ECF No. 42. Plaintiff responded to both motions, ECF No. 48. Defendants Baker and Robinson have not filed replies, and the time for doing so has passed. *See*

Amended Complaint includes only conclusory allegations and fails to allege that any defendant took any specific action, I will dismiss the Amended Complaint in its entirety.

## I.   FACTUAL BACKGROUND[2]

Ndiaye, who states that he is from West Africa but does not identify his country of origin, claims that Defendants "engage[d] in a policy and practice [o]f targeting the plaintiff because of his adherence and practice of the religion of Islam and his national origin." Am. Compl. 1-2. Specifically, he claims that Defendants "secretly engaged in a government surveillance program under the section 215 of the [P]atriot Act [50 U.S.C. § 1861(a)(1)], against the plaintiff for more th[a]n 6 years" and "listed the plaintiff in the WATCH LIST, based [s]olely on a bias, discriminatory, and crude stereotypes policy and the sharing of factually incorrect and bigoted biased with unknow[n] numbers of federal, state and local government agencies." *Id.* at 5. He alleges that he was the "target of numerous police activities [including] wiretapping, warrantless searches, and an array of harassing 'dirty tricks' designed to deter pre terrorist crime." *Id.* Plaintiff claims that Defendants "collect[ed], listen[ed] [to] and [acquired] plaintiffs [*sic*] phone calls, internet records, [c]redit card transactions and daily life actions . . . . based solely on what

---

Loc. R. 105.2(a). The Federal Defendants jointly moved to dismiss, ECF No. 49, and filed a memorandum in support, ECF No. 49-1, in which they incorporate by reference the arguments they made in support of their motion to dismiss Plaintiff's original complaint, ECF Nos. 31, 37. Plaintiff opposed the motion, ECF No. 51, and the Federal Defendants filed a reply, ECF No. 52. A hearing is not necessary. *See* Loc. R. 105.6. For the reasons stated in this Memorandum Opinion and Order, I will grant Defendants' motions and dismiss Plaintiff's Amended Complaint. This Memorandum Opinion and Order disposes of ECF Nos. 44, 46 & 49.

Because I am dismissing the Amended Complaint for failure to state a claim, I need not reach the Federal Defendants' argument that Plaintiff's Amended Complaint should be stricken on procedural grounds, Fed. Defs.' Mem. 3, which Defendant Robinson adopted, *see* Robinson Mem. 1.

[2] For purposes of considering whether Plaintiff has stated a claim, this Court accepts the facts that Plaintiff alleged in his Amended Complaint, ECF No. 41, as true. *See Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011).

the plaintiff looks like, his religious beliefs, and his ethnic [o]rigin." *Id.* at 1.  He also alleges that a police officer called him "monkey and horse." *Id.* at 6.

Ndiaye claims that he "contacted many officials for help," including "the Inspector general," "the FBI," and "the Bowie mayor." *Id.* at 5.  He does not allege how they responded to his requests.

According to Plaintiff, the alleged surveillance amounted to "bullying, slander, harassment and cointelpro [*sic*]" and "ke[pt] him from holding a job." Am. Compl. 6.  He insists that Defendants' actions "violated the equal protection clause." *Id.* at 1.  He alleges that Defendants violated 5 U.S.C. § 706 by "exceed[ing] the authority granted by 50 U.S.C. § 1861." Am. Compl. 6.  In his Prayer for Relief, Plaintiff lists, without explanation, the First and Fourth Amendments to the United States Constitution, 50 U.S.C. §§ 1809 & 1810, 18 U.S.C. §§ 2511, 2520, 2702 & 2707(b)(1); and 47 U.S.C. § 605.  Am. Compl. 7.  He asks the Court to declare Defendants' actions unlawful; "to enjoin the Defendants from continuing this bias[ed], racial, religious secret surveillance"; and to "require the defendants to purge from its databases all records related to the plaintiff." *Id.* at 2.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for "the dismissal of a complaint if it fails to state a claim upon which relief can be granted." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012).  This rule's purpose "'is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses.'" *Id.* (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)).  To that end, the Court bears in mind the requirements of Fed. R. Civ. P. 8, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009),

when considering a motion to dismiss pursuant to Rule 12(b)(6). Specifically, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678–79. *See Velencia*, 2012 WL 6562764, at *4 (discussing standard from *Iqbal* and *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663.

Plaintiff is proceeding *pro se*, and his Amended Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md.1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir.1977)).

> It is neither unfair nor unreasonable to require a pleader to put his complaint in an intelligible, coherent, and manageable form, and his failure to do so may warrant dismissal. District courts are not required to be mind readers, or to conjure questions not squarely presented to them.

*Harris v. Angliker*, 955 F.2d 41, 1992 WL 21375, at * 1 (4th Cir. 1992) (per curiam) (internal citations omitted).

### III.    PARTIES' ARGUMENTS

Baker argues that the Amended Complaint must be dismissed because it "fails to identify what, if any, actions or omissions [Baker] committed" and "fails to set forth any basis for attributing liability to Rushern Baker, III for any alleged unlawful conduct." Baker 1st Mot. 2. Robinson also argues that Plaintiff fails to show any acts that he committed or other basis for his liability. Robinson Mem. 2. While noting that, in the Amended Complaint, Plaintiff now "specifically states that Plaintiff 'contacted' [Robinson]," Robinson contends that "[t]here is

nothing actionable about that allegation, which does not even say anything about what, if any, response there was from him." *Id.*

According to the Federal Defendants, Plaintiff does not "allege any specific act undertaken by any of the individual Federal Defendants" or "any specific, concrete facts to support any of his claims of harm or injury," and he does not identify any "specific instance where he suffered any specific harm." Fed. Defs.' 1st Mem. 2, ECF No. 31-1. They contend that, "[w]hile he claims he was followed into various businesses, slandered, harassed, and subjected to "abusive surveillance," he fails to mention where, when, how, or by whom any of this occurred." *Id.* at 6. They insist that any specific allegations are against the United States Government, rather than any individuals. Fed. Defs.' 1st Reply 2, ECF No. 37.

The Federal Defendants argue that Plaintiff's Amended Complaint includes "vague and conclusory factual allegations," as well as "a number of new legal conclusions . . . and a string of statutory citations." Fed. Defs.' Mem. 2. They maintain that Plaintiff fails to allege "what specific actions the defendants committed, which defendants took which actions, or when those actions supposedly occurred," and that "Plaintiff's new allegations about being subject to surveillance, watch-listing, tracking, psychological testing, bullying, slander, and police dirty tricks," as well as "his assertions that he was 'followed by federal agents' . . . in 2011 and then experienced the 'same discriminatory abuses' on another occasion in 2012,'" fail to state a claim. *Id.* at 3-4. The Federal Defendants also argue that Plaintiff fails to "provide any factual basis" for his claim that "the alleged conduct was undertaken because of his religion or national origin." *Id.* at 4.

In Plaintiff's view, Defendants' motions are "simply a renewal and restatement" of their previous motions, which "this Court already denied." Pl.'s Opp'n to Baker & Robinson Mots. 2;

5

*see* Pl.'s Opp'n to Fed. Defs.' Mot. 1.  Plaintiff insists that venue is proper and that he "stated

federal and state constitutional claim[s] upon which relief may be granted."  Pl.'s Opp'n to Baker

& Robinson Mots. 2.  According to Plaintiff, "recent news reports" that "[k]nown perjurers such

as the Director of National Intelligence, James R. Clapper, ha[ve] lied repeatedly about engaging

in surveillance on American citizens and residents" provide "a confirmation of the allegations

the Plaintiff has been making for years."  Pl.'s Opp'n to Fed. Defs.' Mot. 2.

## IV.   DISCUSSION

Plaintiff alleges that Baker and Robinson, both state actors, violated 5 U.S.C. § 706, a

provision of the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 *et seq.*, through the

surveillance they allegedly conducted.  This claim must be dismissed because the APA does not

"provide[] a cause of action against state actors."  *S.C. Wildlife Fed. v. Limehouse*, 549 F.3d 324,

330 (4th Cir. 2008); *see* 5 U.S.C. § 701.  Also, to the extent that Plaintiff alleges that the Federal

Defendants violated the APA in their official capacities, the doctrine of sovereign immunity bars

such claims.  *See Kennedy v. McHugh*, No. CCB-13-390, 2013 WL 4541404, at *2 (D. Md. Aug.

23, 2013), *aff'd sub nom. Kennedy v. Dep't of the Army*, 554 F. App'x 248 (4th Cir. 2014).

Further, Plaintiff's allegations "fail to make out a violation of a clearly established statutory or

constitutional right," and therefore "his claims against [the Federal Defendants] in [their]

individual capacit[ies] are also barred."  *See id.* (noting that "government officials performing

discretionary functions are protected from liability for civil damages 'insofar as their conduct

does not violate clearly established statutory or constitutional rights" (quoting *Harlow v.

Fitzgerald*, 457 U.S. 800, 818 (1982))).

Plaintiff also claims that Defendants violated his constitutional rights under the First and

Fourth Amendments through the surveillance allegedly conducted pursuant to 50 U.S.C.

6

§ 1861(a)(1).[3] A plaintiff states a claim under 42 U.S. § 1983 by "'alleg[ing] the violation of a

right secured by the Constitution and laws of the United States, and . . . show[ing] that the

alleged deprivation was committed by a person acting under color of state law." *Jackson v. Pena*,

No. WMN-14-516, 2014 WL 2803993, at *3 (D. Md. June 19, 2014) (quoting *West v. Atkins*,

487 U.S. 42, 48 (1988) (citations omitted)). Similarly, *Bivens v. Six Unknown Named Agents of*

*the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), "'established that the victims of a

constitutional violation by a federal agent have a right to recover damages against the official in

federal court despite the absence of any statute conferring such a right.'" *Hartman v. Moore*,

547 U.S. 250, 254 n.2 (2006) (quoting *Carlson v. Green*, 446 U.S. 14, 18 (1980)). Thus, "a

*Bivens* action is the federal analog to suits brought against state officials under . . . 42 U.S.C.

§ 1983." *Id.* "Case law involving § 1983 claims is generally applicable in *Bivens* actions."

*Matthews v. Sullivan*, No. 14-CV-500, 2014 WL 2206852, at * 3 n.3 (D. Md. May 23, 2014)

(citing *Farmer v. Brennan*, 511 U.S. 825 (1994) (applying § 1983 law in *Bivens* action)).

A § 1983 claim may be brought against a state actor in his or her official or individual

capacity. *Joseph v. Maryland*, No. WDQ-13-402, 2014 WL 494578, at *6 (D. Md. Feb. 5,

2014). It is unclear whether Plaintiff brings his claim against the two state-actor defendants,

Baker and Robinson, in their individual or official capacities. Affording his Amended

Complaint liberal construction, *see Haines*, 404 U.S. at 520, I will construe it both ways. As for

---

[3] Section 1861(a)(1) provides:
> [T]he Director of the Federal Bureau of Investigation or a designee of the Director . . . may make an application for an order requiring the production of any tangible things (including books, records, papers, documents, and other items) for an investigation to obtain foreign intelligence information not concerning a United States person or to protect against international terrorism or clandestine intelligence activities, provided that such investigation of a United States person is not conducted solely upon the basis of activities protected by the first amendment to the Constitution.

the *Bivens* claim against the Federal Defendants, "[a]ny remedy under *Bivens* is against federal officials individually, not the federal government." *Randall v. United States*, 95 F.3d 339, 345 (4th Cir. 1996); *see Doe v. Chao*, 306 F.3d 170, 184 (4th Cir. 2002) ("[A] *Bivens*[] action does not lie against either agencies or officials in their official capacity."). Therefore, Ndiaye's *Bivens* claim necessarily is against the Federal Defendants in their individual capacities. *See Randall*, 95 F.3d at 345.

Section 1983 actions "against officers in their official capacity 'generally represent only another way of pleading an action against an entity of which an officer is an agent,'" and therefore, "'in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.'" *Joseph*, 2014 WL 494578, at *6 (quoting *Graham*, 473 U.S. at 165–66 (quoting *Monell*, 436 U.S. at 690 n. 55)). Ndiaye makes only general statements about the government's surveillance and its "crude stereotypes policy," as well as unsupported assertion that the surveillance was based solely on his religion and unidentified national origin. These pleadings do not "allow[] the court to draw the reasonable inference that [either] defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. Consequently, Ndiaye has not alleged sufficiently "the existence of any policy or custom of any entity of which the ... defendants are agents that led to violations of his constitutional rights," and therefore he has not stated an official-capacity claim against either Baker or Robinson. *See Joseph*, 2014 WL 494578, at *6; *Iqbal*, 556 U.S. at 678–79.

As an individual-capacity claim under § 1893 or *Bivens*, Plaintiff's threadbare and conclusory allegations against Baker, Robinson, and the Federal Defendants fare no better. To state such a claim against any one of the Defendants, Plaintiff

must allege that the defendant was personally involved in the alleged deprivations or that: (i) he had actual or constructive knowledge that his staff was engaged in unconstitutional conduct; (ii) he tacitly authorized the conduct; and (iii) there was an affirmative causal link between the supervisor's inaction and the injury suffered by the Plaintiff.

*Joseph*, 2014 WL 494578, at *7. Ndiaye has not alleged that any of the Defendants took any specific actions or that any of them failed to act, despite knowledge of unconstitutional conduct by their subordinates. Therefore, the Court cannot reasonably infer the liability of any of the Defendants, and Ndiaye has not stated an individual-capacity claim under § 1983 or *Bivens*. *See id.*; *Iqbal*, 556 U.S. at 678–79.

Additionally, Plaintiff hinges his claims on Defendants' alleged discriminatory bias based on his religion and national origin. *See* Am. Compl. 5. He has not alleged discriminatory bias sufficiently because the Amended Complaint does not "allege[] [any] facts to support the claim that [any Defendant] in fact held the hypothesized bias or said anything that indicated such a bias." *See Hegab v. Long*, 716 F.3d 790, 796 (4th Cir. 2013). Thus, his § 1983 and *Bivens* claims must be dismissed. *See Iqbal*, 556 U.S. at 678–79.

## V.   CONCLUSION

In sum, for the reasons stated above, Defendants' Motions to Dismiss Plaintiff's Amended Complaint, ECF Nos. 44, 46 & 49, ARE GRANTED, and the Amended Complaint IS dismissed. *See* Fed. R. Civ. P. 12(b)(6). The Clerk is directed to close this case.

So ordered.

Dated: <u>September 4, 2014</u>

_____
/S/
Paul W. Grimm
United States District Judge

lyb